UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Richard W. DeOtte**, **Yvette DeOtte**, **John Kelley**, **Alison Kelley**, on behalf of themselves and others similarly situated; **Hotze Health & Wellness Center**, on behalf of itself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Alex M. Azar II**, in his official capacity as Secretary of Health and Human Services; **Steven T. Mnuchin**, in his official capacity as Secretary of the Treasury; **R. Alexander Acosta**, in his official capacity as Secretary of Labor; **United States of America**,<br><br>Defendants. | Case No. 4:18-cv-825 |

## PLAINTIFFS' CLASS-ACTION COMPLAINT

Federal regulations require health insurance to cover all FDA-approved contraceptive methods. *See* 45 C.F.R. § 147.130(a)(1)(iv); 29 C.F.R. § 2590.715–2713(a)(1)(iv); 26 C.F.R. § 54.9815-2713T. These agency rules violate the Religious Freedom Restoration Act because they substantially burden those who object to contraception and abortifacients on religious grounds.

### JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff Richard W. DeOtte resides in Tarrant County, Texas.

4. Plaintiff Yvette DeOtte resides in Tarrant County, Texas.

5. Plaintiff John Kelley resides in Tarrant County, Texas.

6. Plaintiff Alison Kelley resides in Tarrant County, Texas.

7. Plaintiff Hotze Health & Wellness Center is a for-profit business incorporated under the laws of Texas.

8. Defendant Alex M. Azar II is the U.S. Secretary of Health and Human Services. His office is located at 200 Independence Avenue SW, Washington, D.C. 20201. Secretary Azar is sued in his official capacity.

9. Defendant Steven T. Mnuchin is the U.S. Secretary of the Treasury. His office is located at 1500 Pennsylvania Avenue, NW, Washington, D.C. 20220. Secretary Mnuchin is sued in his official capacity.

10. Defendant R. Alexander Acosta is the U.S. Secretary of Labor. His office is located at 200 Constitution Avenue, NW, Washington, D.C. 20210. Secretary Acosta is sued in his official capacity.

11. Defendant United States of America is the federal government of the United States of America.

## THE CONTRACEPTIVE MANDATE

12. The Affordable Care Act requires group health plans and health insurance issuers to cover "preventive care" for women without any cost-sharing requirements such as deductibles or co-pays. *See* 42 U.S.C. § 300gg–13(a)(4) (attached as Exhibit 1). The statute empowers the Health Resources and Services Administration to determine the "preventive care" that health insurance plans must cover. *See id.*

13. In 2011, the Health Resources and Services Administration decided that all FDA-approved contraceptive methods must be covered as "preventive care" under the Affordable Care Act. This "Contraceptive Mandate" is codified at 45 C.F.R.

§ 147.130(a)(1)(iv), 29 C.F.R. § 2590.715–2713(a)(1)(iv), and 26 C.F.R. § 54.9815–2713T(a)(1)(iv) (attached as Exhibits 2–4).

14. The Contraceptive Mandate exempts church employers. *See* 78 Fed. Reg. 39870, 39,896 (July 2, 2013) (attached as Exhibit 5).

15. The Contraceptive Mandate also exempts the "grandfathered" plans that are protected under section 1251 of the Affordable Care Act. *See* 29 C.F.R. § 2590.715–1251.

16. The Contraceptive Mandate also offers an accommodation to religious non-profits who object to covering contraception for sincere religious reasons. *See* 78 Fed. Reg. 39870, 39896–97 (July 2, 2013) (describing provisions that were formerly codified at 45 CFR § 147.131(c)) (attached as Exhibit 5). An entity of this sort must first certify that it is a religious non-profit that objects to covering some or all methods of contraception on religious grounds. *See id*. at 39896 (describing provisions that were formerly codified at 45 CFR § 147.131(b)). Then the issuer of the group health insurance used by the religious non-profit must exclude contraceptive coverage from that employer's plan, but the issuer must pay for any contraception used by the non-profit's employees. *See id*. (describing provisions that were formerly codified at 45 CFR § 147.131(c)). The issuer may not shift any of those costs on to the religious non-profit, its insurance plan, or its employee beneficiaries. *See id*.

17. If a religious non-profit is self-insured, then its third-party administrator must pay for the employees' contraception, without shifting any costs on to the religious non-profit, its insurance plan, or its employee beneficiaries. *See* 78 Fed. Reg. 39870, 39893 (July 2, 2013) (describing provisions that were formerly codified at 26 CFR § 54.9815– 2713A(b)(2)) (attached as Exhibit 5).

18. In *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2798 (2014), the Supreme Court held that the Contraceptive Mandate violated the Religious Freedom

Restoration as applied to closely held, for-profit corporations that oppose the coverage of contraception for sincere religious reasons.

19. In *Wheaton College v. Burwell*, 134 S. Ct. 2806 (2014), the Supreme Court enjoined federal officials from requiring a religious non-profit to directly notify its health insurance issuers or third-party administrators about its religious objections to the Contraceptive Mandate.

20. In response to *Hobby Lobby* and *Wheaton College*, the Obama Administration amended the Contraceptive Mandate in two ways. First, it allowed closely held for-profit corporations to use the accommodation offered to religious non-profits. *See* 80 Fed. Reg. 41318, 41346 (July 14, 2015) (describing provisions formerly codified at 45 C.F.R. § 147.131(b)) (attached as Exhibit 6); *id.* at 41345 (describing provisions formerly codified at 29 C.F.R. § 2590.715–2713A(a)); *id.* at 41343 (describing provisions formerly codified at 26 C.F.R. § 54.9815–2713A(a)). Second, it allowed employers seeking this accommodation to choose whether to directly notify their health insurance issuers or third-party administrators—or whether to notify the Secretary of Health or Human Services, who would then inform the health insurance issuers or third-party administrators of the employer's religious objections and of their need to pay for the contraception of the affected employees. *See* 80 Fed. Reg. 41318, 41346 (July 14, 2015) (describing provisions formerly codified at 45 C.F.R. § 147.131(b)(3)); *id.* at 41345 (describing provisions formerly codified at 29 C.F.R. § 2590.715–2713A(a)(3)); *id.* at 41344 (describing provisions formerly codified at 26 C.F.R. § 54.9815–2713A(b)(ii)). Under the previous version of Contraceptive Mandate, objecting religious non-profits were compelled to directly notify their health insurance issuers or third-party administrators, and some objected to this requirement on the ground that it made them complicit in the eventual provision of abortifacient contraception. *See, e.g.*, *Wheaton College*, 134 S. Ct. 2806.

21. On May 4, 2017, President Trump issued an executive order instructing the Secretary of the Treasury, the Secretary of Labor, and the Secretary of Health and Human Services to amend the Contraceptive Mandate to address conscience-based objections. *See* Executive Order 13798 (attached as Exhibit 7).

22. In response to this order, the Department of the Treasury, the Department of Labor, and the Department of Health and Human Services issued an interim final rule that exempts any non-profit or for-profit entity from the Contraceptive Mandate if it opposes the coverage of contraception for sincere religious reasons. *See* 82 Fed. Reg. 47792 (October 13, 2017) (attached as Exhibit 8).

23. Under the Trump Administration's interim final rule, religious objectors are no longer required to use the accommodation process that requires an objector's health insurance issuer or third-party administrator to pay for employees' contraception. Id. at 47835 (codified at 45 C.F.R. § 147.132(a)). And there is no longer any requirement that religious objectors notify the government or take any steps that would make them complicit in the provision of abortifacient contraception. Id. at 47835 (codified at 45 C.F.R. § 147.132(a)(2)).

24. The interim final rule also accommodated individuals who object to the coverage of contraception in their health insurance. See id. at 47835 (creating a new provision in 45 C.F.R. § 147.132(b)). Under the Obama-era Contraceptive Mandate, individual religious objectors were forced to choose between purchasing health insurance that covers contraception or forgoing health insurance entirely—unless they obtained insurance through a religious employer that was exempt from Contraceptive Mandate. The interim final rule ensured that individual religious objectors would have the option to purchase health insurance that excludes contraception from any willing health insurance issuer.

25. The Departments also issued a separate interim final rule that provides similar accommodations for entities and individuals who oppose the coverage of contraception for non-religious moral reasons. *See* 82 Fed. Reg. 47838 (October 13, 2017) (attached as Exhibit 9).

26. Several states challenged the Trump Administration's accommodation of religious objectors. In *Pennsylvania v. Trump*, 281 F. Supp. 3d 553 (E.D. Pa. 2017), a federal district court issued a nationwide preliminary injunction against each of the interim final rules. In *California v. Health and Human Services*, 281 F. Supp. 3d 806 (N.D. Cal. 2017), a different federal district issued a second nationwide preliminary injunction against the interim final rules.

27. As a result of these injunctions, the Obama-era Contraceptive Mandate remains in place, which compels religious employers and individual insurance beneficiaries to become complicit in the provision of abortifacient contraception.

### STATEMENT OF THE CLAIM—INDIVIDUAL PLAINTIFFS

28. Plaintiffs Richard and Yvette DeOtte and plaintiffs John and Alison Kelley are Christians who believe that life begins at conception, and that all human life is sacred from conception until natural death.

29. Because of their religious beliefs, the DeOttes and the Kelleys regard the use of abortifacient contraception as morally equivalent to abortion.

30. Although neither the DeOttes nor the Kelleys oppose the use of non-abortifacient contraception by married couples to prevent pregnancy, they object to the Contraceptive Mandate's requirement that insurers pay for non-abortifacient contraception because it encourages illicit sexual activity outside of marriage and forces other insurance beneficiaries to subsidize it.

31. Mr. Kelley and Mr. DeOtte are self-employed and responsible for purchasing their own health insurance for themselves and their families.

32. The Contraceptive Mandate violates the Religious Freedom Restoration Act, because it forces religious believers to choose between purchasing health insurance that makes them complicit in abortifacient contraception and sexual activity outside of marriage, or forgoing health insurance entirely. That is a substantial burden on the exercise of their religion. *Cf. Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2770 (2014).

33. There is no compelling governmental interest in requiring religious believers to subsidize other people's contraception as a condition of purchasing health insurance.

34. Even if one were to assume that the government has a compelling interest in ensuring that women can access contraception at zero marginal cost, there are other ways for the government to achieve that goal without burdening the religious freedom of those who object to abortifacient contraception and sexual activity outside of marriage on religious grounds.

35. The plaintiffs sue as representatives of a class of all religious believers in the United States who object to abortifacient contraception and sexual activity outside of marriage on religious grounds.

## STATEMENT OF THE CLAIM—
## HOTZE HEALTH & WELLNESS CENTER

36. The Hotze Health & Wellness Center is a Christian-owned business incorporated under the laws of Texas. It has approximately 75 employees. The Hotze Health & Wellness Center is self-insured and provides health insurance to its employees.

37. Dr. Steven F. Hotze is the founder and CEO of the Hotze Health & Wellness Center.

38. Dr. Hotze is a Christian, and he operates his business according to Christian principles and teaching.

39. Dr. Hotze believes that life begins at conception, and that the use of abortifacient contraception is tantamount to abortion. Dr. Hotze's beliefs on this matter are rooted in his Christian faith, which teaches that all human life is sacred from conception until natural death.

40. Dr. Hotze also believes that the Bible is the Word of God, and the Bible teaches that any form of sexual relations outside of marriage between a man and a woman is sinful.

41. Although Dr. Hotze's Christian beliefs do not oppose the use of non-abortifacient contraception by married couples to prevent pregnancy, Dr. Hotze nevertheless objects to the Contraceptive Mandate's requirement that he provide non-abortifacient contraception to his employees at zero marginal cost because it encourages illicit sexual activity outside of marriage.

42. The Contraceptive Mandate violates the Religious Freedom Restoration Act, because it forces the Hotze Health and Wellness Center to become complicit in the provision of abortifacient contraception. It also forces the company to become complicit in the provision of non-abortifacient contraception which is often (though not always) used to facilitate illicit sexual activity outside of marriage. Under the Contraceptive Mandate, the Hotze Health and Wellness Center must either provide contraception to its employees, or become complicit in the provision of contraception by others. That is a substantial burden on the exercise of its religion. *See Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2775–79 (2014).

43. There is no compelling governmental interest in forcing the Hotze Health & Wellness Center and other Christian businesses to become complicit in the provision of contraception.

44. The Hotze Health & Wellness Center sues as representative of a class of all closely held for-profit corporations in the United States that oppose the Contraceptive Mandate for sincere religious reasons.

## CAUSES OF ACTION

45. The plaintiffs are suing under the Religious Freedom Restoration Act and the Administrative Procedure Act, each of which supplies a cause of action for the claims that they are asserting. *See* 42 U.S.C. 2000bb-1(c); 5 U.S.C. § 702.

## DEMAND FOR RELIEF

46. The plaintiffs respectfully request that the court:

   a. certify a class of all individuals in the United States who oppose the Contraceptive Mandate for sincere religious reasons;

   b. certify a separate class of all businesses in the United States that oppose the Contraceptive Mandate for sincere religious reasons;

   c. declare that the Contraceptive Mandate violates the plaintiffs' rights under the Religious Freedom Restoration Act;

   d. hold unlawful and set aside any agency action that seeks to enforce the Contraceptive Mandate without adequately accommodating the rights of religious objectors under the Religious Freedom Restoration Act;

   e. permanently enjoin the defendants from enforcing the Contraceptive Mandate;

   f. award costs and attorneys' fees under 42 U.S.C. § 1988;

   g. award all other relief that the Court may deem just, proper, or equitable.

|  |  |
|---|---|
|  | Respectfully submitted. |
|  | /s/ Jonathan F. Mitchell |
| Charles W. Fillmore | Jonathan F. Mitchell |
| H. Dustin Fillmore | Texas Bar No. 24075463 |
| The Fillmore Law Firm, L.L.P. | Mitchell Law PLLC |
| 1200 Summit Avenue, Suite 860 | 106 East Sixth Street, Suite 900 |
| Fort Worth, Texas 76102 | Austin, Texas 78701 |
| (817) 332-2351 (phone) | (512) 686-3940 (phone) |
| (817) 870-1859 (fax) | (512) 686-3941 (fax) |
| chad@fillmorefirm.com | jonathan@mitchell.law |
| dusty@fillmorefirm.com |  |
|  | *Counsel for Plaintiffs and* |
| Dated: October 6, 2018 | *the Proposed Classes* |