UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Richard W. DeOtte**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **Alex M. Azar II**, et al., <br><br> Defendants. | Case No. 4:18-cv-825-O |

### [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

The plaintiffs' motion for preliminary injunction is granted.

The Court concludes that the plaintiffs are likely to succeed on the merits of their claim that the Contraceptive Mandate violates the Religious Freedom Restoration Act as applied to Braidwood Management Inc. and other employers that object to establishing, maintaining, providing, offering, or arranging coverage, payments, or a plan that provides coverage or payments for some or all contraceptive services, based on their sincerely held religious beliefs.

The Court further concludes that the plaintiffs are likely to succeed on the merits of their claim that the Contraceptive Mandate violates the Religious Freedom Restoration Act to the extent it prevents objecting individuals from purchasing health insurance that excludes coverage or payments for contraceptive methods that violate their sincerely held religious beliefs.

The Court concludes that the plaintiffs and their fellow class members will suffer irreparable harm absent an injunction, that the balance of equities favors the plaintiff classes, and that the public interest supports the enforcement of the Religious Freedom Restoration Act.

It is therefore ORDERED that:

1. Defendants Alex M. Azar II, Steven T. Mnuchin, and R. Alexander Acosta, and their officers, agents, servants, employees, attorneys, designees, and subordinates, as well as any person acting in concert or participation with them, are ENJOINED from enforcing the Contraceptive Mandate, codified at 42 U.S.C. § 300gg–13(a)(4), 45 C.F.R. § 147.130(a)(1)(iv), 29 C.F.R. § 2590.715–2713(a)(1)(iv), and 26 C.F.R. § 54.9815–2713(a)(1)(iv), against any group health plan, and any health insurance coverage provided in connection with a group health plan, that is sponsored by Braidwood Management Inc. or by any other employer that objects, based on its sincerely held religious beliefs, to its establishing, maintaining, providing, offering, or arranging for:

   (i) Coverage or payments for some or all contraceptive services; or

   (ii) A plan, issuer, or third-party administrator that provides or arranges such coverage or payments.

If a sponsoring employer's sincere religious objections extend to the coverage of only some but not all contraceptives, then the defendants may continue to enforce the Contraceptive Mandate to the extent it requires coverage of contraceptive methods that the sponsoring employer does not object to.

2. Defendants Alex M. Azar II, Steven T. Mnuchin, and R. Alexander Acosta, and their officers, agents, servants, employees, attorneys, designees, and subordinates, as well as any person acting in concert or participation with them, are ENJOINED from enforcing the Contraceptive Mandate, codified at 42 U.S.C. § 300gg–13(a)(4), 45 C.F.R. § 147.130(a)(1)(iv), 29 C.F.R. § 2590.715–2713(a)(1)(iv), and 26 C.F.R. § 54.9815–2713(a)(1)(iv), to the extent it requires coverage or payments for contraceptive services with respect to individuals who object to coverage or payments for some or all contraceptive services based on sincerely held religious beliefs, and to the extent it prevents a willing health insurance issuer offering group or individual health

insurance coverage, and as applicable a willing plan sponsor of a group health plan, from offering a separate policy, certificate or contract of insurance, or a separate group health plan or benefit package option, to any group health plan sponsor (with respect to an individual) or to any individual who objects to coverage or payments for some or all contraceptive services based on sincerely held religious beliefs.

If an individual objects to some but not all contraceptive services, but the issuer, and as applicable, plan sponsor, are willing to provide the plan sponsor or individual, as applicable, with a separate policy, certificate or contract of insurance or a separate group health plan or benefit package option that omits all contraceptives, and the individual agrees, then the exemption applies as if the individual objects to all contraceptive services.

2. Because the defendants will not suffer any financial loss on account of this preliminary injunction, there is no need for the plaintiffs to post security under Rule 65(c) of the federal rules of civil procedure.

Dated: _____, 2019

_____
REED O'CONNOR
UNITED STATES DISTRICT JUDGE