**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| RICHARD W. DEOTTE *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 4:18-CV-00825-O |
| ) | |
| v. ) | |
| ) | |
| ALEX M. AZAR II, in his official ) | |
| capacity as Secretary of Health and ) | |
| Human Services *et al.*, ) | |
| ) | |
| Defendants. ) | |

**JOINT STATUS REPORT AND PROPOSED BRIEFING SCHEDULES**

TO THE HONORABLE REED O'CONNOR, UNITED STATES DISTRICT JUDGE PRESIDING:

The Court's Order of February 7, 2019 (ECF No. 24) ("Order") directed the parties "to confer on whether class certification will be opposed and, if so, to propose briefing schedules for the motion to certify, (ECF No. 20), and the motion for an injunction, (ECF No. 21), to address how the class issue will be resolved in connection with the request for a classwide injunction" and to "file a status report and proposed briefing schedules, if necessary, on or before February 14, 2019." Order at 1. The parties have conferred but to date, have not yet been able to reach agreement on proposed briefing schedules.

The parties are currently negotiating over whether Defendants will agree to a stipulated temporary restraining order (or some other form of agreed-upon judicial relief) that would shield Braidwood from tax penalties under 26 U.S.C. § 4980D while the parties brief the preliminary-injunction issues. If the parties agree to this, then that will mitigate the need for a prompt ruling on the motion for preliminary relief. Plaintiffs may also move for a TRO to protect Braidwood from these tax penalties if they are unable to reach an agreed-upon resolution with Defendants. The parties therefore respectfully request the opportunity to submit an additional joint status report no later than Wednesday,

February 20, 2019, informing the Court as to whether they have been able to achieve a resolution on this matter, which may enable the parties to agree on a briefing schedule and will, at the very least, inform the Court's decision between the competing briefing schedules.

In compliance with the Court's Order, however, the parties now set forth their differing proposals below. Separate proposed orders are being emailed to Chambers concurrent with the filing of this joint status report and proposed briefing schedules. The parties respectfully request that the Court defer its decision on this issue until after the parties have submitted their additional joint status report on or before February 20.

## Plaintiffs' Proposed Briefing Schedule

The defendants want to postpone the briefing of the motion for preliminary injunction until after the motion for class certification has been fully briefed and ruled upon. The plaintiffs are unwilling to delay the briefing schedule for the motion for preliminary injunction because Braidwood Management Inc. is currently incurring tax penalties of $100 per employee per day on account of the Contraceptive Mandate, and it needs a prompt ruling on its request for preliminary relief so it is no longer required to subject itself to daily fines for conduct that is entirely within its rights under the Religious Freedom Restoration Act. In addition, the plaintiffs do not believe that the preliminary-injunction analysis should be affected in any way by the Court's ruling on class certification. The only issue that the class-certification will affect is the scope of the preliminary relief that this Court decides to issue, but it should not have any effect on whether a preliminary injunction is warranted.

The plaintiffs propose a briefing schedule that will enable this Court to rule on the motions for class certification and preliminary injunction by March 15, 2019 — the date on which Braidwood must file its tax returns for 2018 and pay any tax penalties that were accrued for its decision to terminate contraceptive coverage on December 1, 2018.

The plaintiffs propose that the federal defendants respond to the motions for class certification

and preliminary injunction by March 4, 2019, and that the plaintiffs file their reply briefs by March 8, 2019. If the Court wishes to hold oral argument on the motions, it could be held on March 11, 2019, or any other day during that week. The plaintiffs believe this briefing schedule is appropriate because the Department of Justice has already briefed many legal challenges to the Contraceptive Mandate, and the issues raised in the motion for preliminary injunction are all matters that the Department of Justice has litigated before. In addition, the daily tax penalties that are being imposed on Braidwood call for a prompt resolution of its motion for preliminary relief.

### Defendants' Proposed Briefing Schedule

In its Order, the Court asked the parties "to propose briefing schedules for the motion to certify (ECF No. 20), and the motion for an injunction, (ECF No. 21), to address how the class issue will be resolved in connection with the request for a classwide injunction." Order at 1.

Defendants are presently conferring to determine whether to oppose Plaintiffs' motion for class certification. Defendants therefore respectfully propose that Defendants file any response to the class certification motion on or before March 1, 2019, and that Plaintiffs file any reply brief in support of their motion for class certification on or before March 8, 2019.

The nature of Defendants' response to the motion for preliminary injunction may be significantly affected by the Court's decision on class certification. Accordingly, and in light of the Court's admonition that "the scope of any injunction would inevitably turn on whether and what kind of class is certified," Order at 1, Defendants respectfully propose that any briefing on Plaintiffs' motion for a preliminary injunction not proceed until the Court has determined whether or not a class should be certified and, if so, what kind. Defendants thus propose that, within 7 days after the Court has ruled on Plaintiffs' motion for class certification, the parties shall meet and confer and propose a briefing schedule for Plaintiffs' motion for preliminary injunction (ECF No. 21).

In the alternative, in the event that the Court adopts Plaintiffs' proposed briefing schedule, Defendants respectfully request that their deadline for responding to the motions for class certification and for a preliminary injunction be extended to March 8, 2019 because they will be responding to two motions simultaneously.

Finally, Defendants respectfully believe that the interests of efficiency and case management would best be served by postponing the deadlines for responding to the amended complaint (ECF No. 19) and submitting a Rule 16 joint scheduling report until the Court has ruled on the motions for class certification and for a preliminary injunction. Accordingly, Defendants respectfully request that the Court postpone the deadlines for responding to the amended complaint and for submitting a Rule 16 joint scheduling report until 21 days after the Court has ruled on Plaintiffs' motions for class certification and for a preliminary injunction. Plaintiffs have informed Defendants that Plaintiffs do not oppose this request to postpone these two deadlines.

Dated:  February 14, 2019                                    Respectfully submitted,


/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
Texas Bar No. 24075463
Mitchell Law PLLC
106 East Sixth Street, Suite 900
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Attorney for Plaintiffs and Proposed Classes*


JOSEPH H. HUNT
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

      /s/ Daniel Riess
DANIEL RIESS
Texas Bar No. 24037359
Trial Attorney
U.S. Department of Justice
Civil Division, Rm. 6122
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone: (202) 353-3098
Fax: (202) 616-8460
Email: Daniel.Riess@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On February 14, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) or the local rules.

      /s/ Daniel Riess