**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RICHARD W. DEOTTE et al.,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:18-cv-00825-O |
| **ALEX M. AZAR II et al.,** | § § § | |
| Defendants. | § | |

**ORDER AMENDING CLASS-CERTIFICATION ORDER
AND SETTING BRIEFING SCHEDULE**

Before the Court are the Parties' Joint Status Report, ECF No. 35, filed April 5, 2019, and Plaintiffs' Unopposed Motion to Amend, ECF No. 36, filed April 9, 2019.

**I. STATUS REPORT**

In their Joint Status Report, ECF No. 35, the Parties agree to and propose the following briefing schedule and treatment of the issues, which the Court adopts:

- Defendants are **ORDERED** to respond to Plaintiffs' motion for summary judgment and permanent injunction **on or before Monday, April 15, 2019**.

- Plaintiffs are **ORDERED** to reply **on or before Friday, April 19, 2019**.

As agreed by the Parties, Plaintiffs' motion for preliminary injunction, ECF No. 21, will be treated as a motion for summary judgment and permanent injunction, and all papers filed in support of the motion for preliminary injunction—including the brief in support, ECF No. 21-1, the proposed order, ECF No. 21-2, and the supporting appendix, ECF No. 22—will be treated as supporting documents for Plaintiffs' motion for summary judgment and permanent injunction.

## II.     UNOPPOSED MOTION TO AMEND

In their unopposed motion to amend, Plaintiffs ask "the Court to appoint class counsel" and "include language that explicitly defines the two certified classes as well as the 'class claims, issues, or defenses,' as required by Rule 23(c)(1)(B)." Mot. Amend 1, ECF No. 36. Having considered the unopposed motion, the Court finds that it should be and is hereby **GRANTED**.

Accordingly, the Court **CERTIFIES** the following two classes under Federal Rule of Civil Procedure 23(b)(2) and **AMENDS** the March 30, 2019 Certification Order, ECF No. 33, to include the same:

### A.     The Braidwood Class

The Court certifies the following class under Federal Rule of Civil Procedure 23(b)(2):

> Every current and future employer in the United States that objects, based on its sincerely held religious beliefs, to establishing, maintaining, providing, offering, or arranging for: (i) coverage or payments for some or all contraceptive services; or (ii) a plan, issuer, or third-party administrator that provides or arranges for such coverage or payments.

Braidwood Management Inc. is appointed class representative. Jonathan F. Mitchell, Charles W. Fillmore, and H. Dustin Fillmore are appointed class counsel under Federal Rule of Civil Procedure 23(g). The class claim is whether the Contraceptive Mandate, codified at 42 U.S.C. § 300gg–13(a)(4), 45 C.F.R. § 147.130(a)(1)(iv), 29 C.F.R. § 2590.715– 2713(a)(1)(iv), and 26 C.F.R. § 54.9815–2713(a)(1)(iv), violates the Religious Freedom Restoration Act as applied to employers who hold sincere religious objections to some or all contraceptive services.

### B.     The DeOtte Class

The Court certifies the following class under Federal Rule of Civil Procedure 23(b)(2):

> All current and future individuals in the United States who: (1) object to coverage or payments for some or all contraceptive services based on sincerely held religious beliefs; and (2) would be willing to purchase or obtain health insurance that excludes coverage or payments for some or all contraceptive services from a health insurance issuer, or from a plan sponsor of a group plan, who is willing to offer a

separate benefit package option, or a separate policy, certificate, or contract of insurance that excludes coverage or payments for some or all contraceptive services.

Richard W. DeOtte is appointed class representative. Jonathan F. Mitchell, Charles W. Fillmore, and H. Dustin Fillmore are appointed class counsel under Federal Rule of Civil Procedure 23(g). The class claim is whether the Contraceptive Mandate, codified at 42 U.S.C. § 300gg–13(a)(4), 45 C.F.R. § 147.130(a)(1)(iv), 29 C.F.R. § 2590.715– 2713(a)(1)(iv), and 26 C.F.R. § 54.9815–2713(a)(1)(iv), violates the Religious Freedom Restoration Act by preventing individuals who hold sincere religious objections to some or all contraceptive services from purchasing health insurance that excludes coverage of those objectionable contraceptive services.

**SO ORDERED** on this **11th day** of **April, 2019**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**