# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| RICHARD W. DEOTTE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALEX M. AZAR, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 4:18-cv-00825-O |

## [PROPOSED] ORDER

Before the Court is Proposed Intervenor State of Nevada's ("Nevada") Motion to Intervene (ECF No. ___), filed May 24, 2019. In its Motion, Nevada seeks to intervene as a Defendant in this case under Federal Rule of Civil Procedure 24(a)(2), arguing that it meets the standard for intervention as a matter of right, and alternatively, it moves for permissive intervention under Federal Rule of Civil Procedure 24(b). More specifically, Nevada states that it seeks intervention to oppose Plaintiffs' Motion for Preliminary Injunction (ECF No. 21), which was ordered by this Court to be treated as a motion for summary judgment and permanent injunction on April 11, 2019. (ECF No. 37 at 1). As part of its Motion to Intervene, Nevada has submitted a proposed opposition to Plaintiffs' motion for summary judgment. (ECF No. ___ at ___).

The Federal Defendants take no position on Nevada's Motion, but Plaintiffs oppose it. (ECF No. ___) at Certificate of Conference.

Having considered the Motion, briefing, and applicable law, the Court finds that the State of Nevada's Motion to Intervene (ECF No. ___) should be and is hereby **GRANTED** for the reasons stated below.

## I. BACKGROUND

Plaintiffs have successfully been certified as a class action, seeking nationwide class relief for themselves and those similarly situated who contend that the Affordable Care Act's requirements pertaining to contraceptive coverage constitute violations of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1 ("RFRA"). (ECF No. 33 at 3). Current Defendants have not yet answered or responded to Plaintiffs' original or amended complaint. Under these circumstances, Nevada has moved to intervene as defendants to offer what it terms a merits-based defense to what this Court has termed the "Contraceptive Mandate."[1]

## II. LEGAL STANDARD

### A. Intervention as a Matter of Right (Rule 24(a))

Rule 24 of the Federal Rules of Civil Procedure governs intervention. Rule 24(a) provides that '[o]n timely motion, the court *must* permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a) (emphasis added). Accordingly, to intervene as a matter of right under Rule 24(a)(2), the Fifth Circuit requires that (1) the motion is timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the outcome of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the existing parties cannot adequately represent that interest. *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016). This test applies whether a party seeks to intervene as a plaintiff or a defendant. *See Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015).

---

[1] Codified at 42 U.S.C. § 300gg-13(a)(4), 45 C.F.R. § 147.130(a)(1)(iv), 29 C.F.R. § 2590.715 – 2713(a)(1)(iv), and 26 C.F.R. § 54.9815-2713(a)(1)(iv).

Rule 24 is "liberally construed" in favor of intervention. *Blumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014). "[D]oubts [are] resolved in favor of the proposed intervenor." *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir. 2009). Intervention as a matter of right "must be measured by a practical rather than a technical yardstick," and the inquiry is a "flexible one" focused on the "particular facts and circumstances" of each case. *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (*en banc*). "Federal courts should allow intervention where no one would be hurt and the greater justice could be obtained." *Texas*, 805 F.3d at 657; *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994).

### B.    Permissive Intervention (Rule 24(b))

Rule 24(b)(2), which allows a state such as Nevada to intervene on a timely motion where a claim is premised on "a statute or executive order administered by [Nevada]." Permissive intervention is discretionary by definition, but is appropriate when (1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.  ,

## III.   ANALYSIS

Nevada argues that it has met its burden to intervene as a matter of right under Rule 24(a), and, in the alternative, that the Court should permit it to intervene under Rule 24(b).

### A.    Intervention as a Matter of Right (Rule 24(a))

There is no genuine dispute that Nevada has expressed an interest in the property or transaction that is the subject of the action and that it has expressed a practical risk that disposition of the action would impair or impede Nevada's ability to protect this interest. The timeliness of the motion and the adequacy of representation by the Federal Defendants of Nevada in this case are addressed below.

### 1. The Motion is Timely

The Fifth Circuit considers four factors when evaluating the timeliness of a motion to intervene:

(1) The length of time the applicants knew or should have known of their interest in the case;

(2) Prejudice to existing parties caused by the applicant's delay;

(3) Prejudice to the applicant if the motion is denied; and

(4) Any unusual circumstances.

*Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th Cir. 1977). Each factor here demonstrates the timeliness of Nevada's motion under the circumstances of this case.

The first inquiry is contextual, as "absolute measures of timeliness should be ignored." *Espy*, 18 F.3d at 1205. The clock beings to run when the applicants knew or reasonably should have known of their interests, or from the time they became aware that their interests would no longer be protected by the existing parties to the lawsuit. *Edwards*, 78 F.3d at 1000; *Espy*, 18 F.3d at 1206.

Nevada files this motion less than six weeks after the Federal Defendants filed their "Response to Plaintiffs' Motion for Summary Judgment and Permanent Injunction," by which they stated they "do not oppose an order by this Court entering partial summary judgment on the legal question whether any employers or individuals who in fact fall within the certified classes have stated a valid RFRA claim." (ECF No. 38 at 3). Prior to this, the Federal Defendants had not yet filed a responsive pleading. The Fifth Circuit has found motions to intervene to be timely even when filed at substantially later points in litigation. *Wal-Mart*, 834 F.3d at 565–66 (finding intervention timely after denial of motion to dismiss, three months after answer was filed, and "before discovery progressed"); *Association of Professional Flight Attendants v Gibbs*, 804 F.2d 318, 320–21 (5th Cir. 1986) (finding intervention timely following a five month delay when all *Stallworth* factors considered).

4

None of the other *Stallworth* factors weigh against Nevada. Prejudice to the existing parties is measured by any delay in seeking intervention (of which there is none), not based on potential inconvenience of permitting Nevada from participating in the litigation. *Espy*, 18 F.3d at 1206. This action has not advanced to a stage where any existing party would be prejudiced. To the contrary, this Court has issued an "Unopposed Motion for Temporary Restraining Order" to shield class representatives from tax penalties pending briefing on the pending motions. (ECF Nos. 28-29 at 2). No unusual circumstances weigh against a finding of timeliness.

### 2. Nevada has Identified Divergent Interests with the Federal Defendants

In this case, the Federal Defendants:

- Have not filed a formal response to Plaintiffs' original or amended complaint;
- Did not oppose Plaintiffs' motion for a temporary restraining order; and
- Do not oppose partial summary judgment or a permanent injunction on the legal question of whether any employers or individuals who in fact fall within the certified classes have stated a valid RFRA claim.

Nevada contends that this demonstrates divergent interests, arguing that the Federal Defendants have failed to offer a merits-based defense of the ACA's contraception provisions premised on the Fifth Circuit's prior analysis in *East Texas Baptist Univ. v. Burwell*, 793 F.3d 449 (5th Cir. 2015), which was subsequently vacated by the United States Supreme Court in *Zubik v. Burwell*, 136 S.Ct. 1557 (2016). Without prejudging the merits of any such argument, Nevada has demonstrated that they are inadequately represented, and therefore it is entitled to intervene under Rule 24(a). On this basis, the Court **GRANTS** Nevada's motion to intervene under Rule 24(a).

### B. Permissive Intervention (Rule 24(b))

Nevada alternatively moves for intervention under Rule 24(b). The Fifth Circuit has also instructed that "[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be obtained." *Texas*, 805 F.3d at 657 (citing *Sierra Club*, 18 F.2d at 1205).

First, for the reasons discussed above, Nevada's Motion is timely.  Second, it is clear that Nevada, without judging the merits, has a defense that shares a question of law with Plaintiffs pertaining to whether the ACA's contraception provisions constitute a RCRA violation.  Third, given the existing temporary restraining order protecting named Plaintiffs and the ability of any other class member to seek similar relief, there is no reason why the intervention would cause undue delay or prejudice to the original parties.  The Court will allow Nevada to file its proposed Opposition, and allow Plaintiffs an opportunity to file a reply.  Under these circumstances, full and adequate briefing on all sides of this case will not cause prejudice.  *Cf. Texas*, 805 F.3d at 657 (where greater justice can be obtained, intervention should be permitted).

### IV.   CONCLUSION

For the foregoing reasons, the Court finds that Nevada's Motion to Intervene (ECF No. \_\_\_) should be and is hereby **GRANTED**.  Nevada shall file its proposed Opposition to Plaintiffs' Motion for Summary Judgment and Permanent Injunction with all due haste.  Plaintiffs shall be provided the opportunity to submit any Reply they deem necessary.

**SO ORDERED** on this \_\_\_ day of _____, 2019.

By: _____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE