UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Richard W. DeOtte**, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>**Alex M. Azar II**, et al.,<br><br>       Defendants. | Case No. 4:18-cv-825-O |

## PLAINTIFFS' UNOPPOSED MOTION FOR ENTRY OF JUDGMENT ON A SEPARATE DOCUMENT

The plaintiffs respectfully ask the Court to enter its judgment on a separate document in accordance with Rule 58(a). *See* Fed. R. Civ. P. 58(d) ("A party may request that judgment be set out in a separate document as required by Rule 58(a)."). The defendants are unopposed to this motion.

The plaintiffs believe that the Court's permanent injunction of June 5, 2019, is in full effect, and we acknowledge that the document claims to have entered judgment for the plaintiffs. Nevertheless, we respectfully request entry of judgment on a separate document out of an abundance of caution. *See, e.g.*, *Hanson v. Town of Flower Mound*, 679 F.2d 497, 502 (5th Cir. 1982) ("[I]t remains the better practice to have the judgment entered as a separate document."); *id.* at 500 n.2 ("The failure of litigants before this court to ensure that a judgment is entered as a separate document is all too frequent."); *see also Bates v. Johnson*, 901 F.2d 1424, 1427–28 (7th Cir. 1990) ("When a judge does not record an injunction or declaratory judgment on a separate document, the defendant is under no judicial compulsion."). Entry of judgment on a separate document also starts the 30-day (or 60-day) clock for filing a notice of appeal. *See Hammack v. Baroid Corp.*, 142 F.3d 266, 270 (5th Cir. 1998) ("Under the plain

language of Fed. R. App. P. 4(a)(1) and Fed. R. Civ. P. 58, the thirty-day period for taking an appeal does not begin to run until the court has issued a separate document and records entry of the final judgment in its civil docket. Should a court fail to issue a separate document, a party seeking finality remains free to request one.").

The plaintiffs do not believe it is necessary for the Court to postpone entry of judgment on a separate document until it rules on Nevada's motion for intervention. If the Court decides to grant Nevada's motion, Nevada will still be able to appeal the judgment so long as the Court grants intervention within 30 days after entry of judgment on a separate document. *See* Fed. R. App. 4(a)(1)(A). And if the Court denies Nevada's motion, then Nevada can appeal that denial without regard to when final judgment is entered. *See Edwards v. City of Houston*, 78 F.3d 983, 992 (5th Cir. 1996). There is no reason to delay the entry of judgment on a separate document unless the Court needs more than 30 days from now to rule on the outstanding motion for intervention. Under the local rules, Nevada's reply brief is due on June 28, 2019.

The plaintiffs have attached to this motion a proposed judgment that repeats verbatim the language that appears in the Court's order of June 5, 2019, with one minor edit. In the portions of the order that enjoin the defendants from enforcing the Contraceptive Mandate, we have added the defendants' "successors in office" to the list of those bound by the Court's injunction. *See* 5 U.S.C. § 702 ("[A]ny mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance."). We have attached a redlined version of this proposed judgment as well for the Court's review. The defendants are unopposed to this change.

## CONCLUSION

The motion for entry of judgment on a separate document should be granted.

                                                                  Respectfully submitted.

                                                                  _/s/ Jonathan F. Mitchell_

| | |
|---|---|
| CHARLES W. FILLMORE | JONATHAN F. MITCHELL |
| H. DUSTIN FILLMORE | Texas Bar No. 24075463 |
| The Fillmore Law Firm, L.L.P. | Mitchell Law PLLC |
| 1200 Summit Avenue, Suite 860 | 111 Congress Avenue, Suite 400 |
| Fort Worth, Texas 76102 | Austin, Texas 78701 |
| (817) 332-2351 (phone) | (512) 686-3940 (phone) |
| (817) 870-1859 (fax) | (512) 686-3941 (fax) |
| chad@fillmorefirm.com | jonathan@mitchell.law |
| dusty@fillmorefirm.com | |
| | *Counsel for Plaintiffs and* |
| Dated: June 18, 2019 | *the Certified Classes* |

## CERTIFICATE OF CONFERENCE

I certify that on June 18, 2019, I conferred with Daniel Riess, counsel for the defendants, and he informed me that the defendants are unopposed to this motion.

        /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiffs and
the Certified Classes*

## CERTIFICATE OF SERVICE

  I certify that on June 18, 2019, I served this document through CM/ECF upon all counsel of record in this case, including:

Daniel Riess
U.S. Department of Justice
Civil Division, Room 6122
20 Massachusetts Avenue NW
Washington, D.C. 20530
(202) 353-3098
daniel.riess@usdoj.gov

*Counsel for Defendants*

              /s/ Jonathan F. Mitchell
              Jonathan F. Mitchell
              *Counsel for Plaintiffs and*
              *the Certified Classes*